ANNIE J. TISCHNER, Appellant, v. ALBERT H. SICKINGER and C. F. TISCHNER, INC., Respondents.

First Department, April 5, 1918.

**Pleading — contract — agreement respecting management of corporation and payment of money to plaintiff a minority stockholder — complaint stating single cause of action.**

Where a complaint alleges that the plaintiff's husband, having incorporated his business, gave a certain proportion of the stock to an employee, the defendant, and by will bequeathed the balance of the stock to the plaintiff who, after her husband's death, made an agreement with the defendant that she should turn over a portion of her shares to him and put the balance in escrow with an option to the defendant to purchase said shares, with a further agreement that until he should exercise his option he should run the corporation for a salary and pay to the plaintiff from the profits a certain sum per month, the balance of profit after payment of expenses to belong to the defendant, with a further agreement that the defendant should pay the indebtedness of the corporation at a certain rate per year, and that there should be no attempted dissolution of the corporation without the consent of the plaintiff in writing, but that the defendant has withdrawn moneys from the corporation without right and has failed to pay the money to the plaintiff as agreed, and has made improper audits, etc., and has parted with the corporate property with a fraudulent intent to destroy the value of the plaintiff's stock, etc., the complaint states but one cause of action brought by the plaintiff in her individual capacity, and she should not be required to amend her pleading so as to separately state and number an action brought in her individual capacity, and one brought in her representative capacity as stockholder.

The fact that the plaintiff is entitled to the same equitable relief either individually or as minority stockholder does not make two causes of action.

APPEAL by the plaintiff, Annie J. Tischner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of November, 1917, requiring the plaintiff to serve an amended complaint wherein she shall separately state and number the facts constituting her alleged cause of action in favor of herself, individually, and those constituting her cause of action in her representative capacity as a stockholder.

*Reid L. Carr* of counsel [*Morgan, Carr & Baiter*, attorneys], for the appellant.

*Charles H. Tuttle* of counsel [*John Power Ryan*, attorney], for the respondents.

SMITH, J.:

Plaintiff's husband was the owner of a profitable meat business, in which the defendant Sickinger was employed. Shortly before his death, the plaintiff's husband incorporated the business. Seventy-five shares of the stock were given to Sickinger and plaintiff's husband retained 175 shares. The husband died in 1915, and bequeathed 175 shares to plaintiff. Plaintiff then made an agreement, which is the subject of this action. The agreement provided that this plaintiff should turn over to Sickinger 100 shares, which would give to him 175 shares, and she was to retain 75 shares, which was to be put in escrow. An option was given to him upon these 75 shares for $7,500. Until that option should be exercised, however, Sickinger was to run the corporation, receive $60 a week for his services, and pay other expenses of the corporation. The corporation was to redeem certain debentures which had been issued thereby on the first day of July in each year and in the meantime to pay the interest on such debentures which shall be a part of the expenses of the corporation. From the profits of the corporation, plaintiff was to receive $1,800 a year, or $150 a month. After the payment of these expenses and of the income to the plaintiff, the dividends were to be wholly the property of Sickinger. To this agreement the corporation was also a party.

It will thus be seen that here are two parties, owning the entire stock of a corporation. The plaintiff practically surrendered her stock rights in consideration of $1,800 a year, which was to be paid from the profits of the corporation. As security, however, for the payment of that sum, it was provided as to what should constitute the expenses of the corporation, and that the indebtedness of the corporation should be paid at the rate of $1,000 a year, and among other things, that there should be no increase or diminution of the

capital stock, and no attempted dissolution of the corporation without the consent in writing of the plaintiff and other stipulations, all looking to the stability of the corporation as the plaintiff's security for her claim. In her complaint she alleges that the defendant Sickinger in the management of the corporation has withdrawn moneys that he had no right to withdraw; that he and the corporation have failed to pay her the moneys required by the agreement; that they have failed to have the proper audits made of the accounts of the corporation as required in the agreement; that property has been sold improperly for a consideration of less than its value, and that the affairs of the corporation have been conducted with a fraudulent intention to destroy the value of the plaintiff's stock and to disable the corporation from performing the agreement for plaintiff's support. The prayer for relief is for an injunction, restraining the dissolution of the corporation and for an accounting of all dividends paid and of all sums received by Sickinger from said corporation, and that payment of plaintiff's moneys be deemed a first lien upon the profits of said corporation, and for such other relief as may be necessary or proper.

The court, at Special Term, has held that here are two causes of action, one as a minority stockholder, a representative cause of action, and one in behalf of the plaintiff, personally, and has required the plaintiff to separately state and number these causes of action. The order was improperly made. I think the plaintiff was entitled to all the relief asked for in her individual capacity under the contract made. She was entitled in equity to have the source of her income preserved, as it was the intention of the parties that this corporation should be deemed her security for the payment of her moneys. The trust duty of the defendant Sickinger as a director of the corporation is the same trust duty that he owes to the plaintiff under his contract with her, and a single cause of action is alleged, namely, to preserve intact the integrity of the source of the income as stipulated in her contract, both with Sickinger and with the corporation. There is a single cause of action stated to secure rights to which plaintiff is entitled, either individually or as minority stockholder, and the fact that she is entitled to this relief, both as

a minority stockholder and under her contract, does not make two causes of action.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.